## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| Deloise Guyton, on behalf of herself and others similarly situated, | Civil Action No.: 3:21-cv-629 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| Abrahamsen Gindin, LLC, | |
| Defendant. | |

### Nature of Action

1. Deloise Guyton ("Plaintiff") brings this class action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., for the benefit of (1) Florida consumers whose private, debt-related information Abrahamsen Gindin, LLC ("Defendant") disclosed to an unauthorized third party, in connection with the collection of consumer debts, and (2) Florida consumers who have been subject to Defendant's debt collection efforts.

2. Congress enacted the FDCPA in 1977 to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged," 15 U.S.C. § 1692(e), and in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt

1

collectors," which Congress found to have contributed "to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.*, § 1692(a).

3. As the Consumer Financial Protection Bureau ("CFPB")—the federal agency tasked with enforcing the FDCPA—once explained, "[h]armful debt collection practices remain a significant concern today. In fact, the CFPB receives more consumer complaints about debt collection practices than about any other issue."[1]

4. Pertinent here, section 1692c(b) of the FDCPA, titled "Communication with third parties," states:

> Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.

15 U.S.C. § 1692c(b).

5. The provision that section 1692c(b) cross-references—section 1692b— governs the manner in which a debt collector may communicate "with any person

---

[1]  *See* Brief for the CFPB as Amicus Curiae, ECF No. 14, p. 10, *Hernandez v. Williams, Zinman, & Parham, P.C.*, No. 14-15672 (9th Cir. Aug. 20, 2014), http://www.ftc.gov/system/files/documents/amicus_briefs/hernandez-v.williams-zinman-parham-p.c./140821briefhernandez1.pdf (last visited June 21, 2021).

other than the consumer for the purpose of acquiring location information." 15 U.S.C. § 1692b.

6. The FDCPA thus broadly prohibits a debt collector from communicating with anyone other than the consumer "in connection with the collection of any debt," subject to several carefully crafted exceptions—some enumerated in section 1692c(b), and others in section 1692b—none of which are applicable here.

7. Despite this prohibition—one designed to protect consumers' privacy—debt collectors, including Defendant, often send information regarding consumers' alleged debts to third-party mail vendors.

8. Indeed, "over 85 percent of debt collectors surveyed by the [CFPB] reported using letter vendors."[2]

9. These third-party mail vendors use information provided by debt collectors—such as a consumer's name, the name of the creditor to whom a debt is allegedly owed, the name of an original creditor, and the amount of an alleged debt—to fashion, print, and mail debt collection letters to consumers.

---

[2] *See* https://www.federalregister.gov/documents/2019/05/21/2019-09665/debt-collection-practices-regulation-f#citation-749-p23396 at n. 749 (last accessed June 21, 2021).

10. This unnecessary practice exposes private information regarding alleged debts to third parties not exempted by the FDCPA.

11. Upon information and belief, Defendant routinely provides, in connection with the collection of consumer debts, protected information regarding consumer debts to third-party mail vendors in violation of the FDCPA.

12. Plaintiff therefore seeks relief for herself and on behalf of similarly situated Florida consumers to whom Defendant sent debt collection letters that were prepared, printed, or mailed by a third-party mail vendor.

13. Separately, the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat., § 559.55 *et seq.*, was enacted with a similar goal as the FDCPA, namely "to eliminate abusive and harassing tactics in the collection of debts." *Brindise v. U.S. Bank Nat'l Ass'n*, 183 So. 3d 1215, 1221 (Fla. 2d DCA 2016), *rev. denied*, No. SC16–300, 2016 WL 1122325 (Fla. Mar. 22, 2016).

14. Pursuant to the FCCPA, prior to engaging in any business in Florida, a person who acts as a consumer collection agency must register with the State of Florida Office of Financial Regulation. Fla. Stat., § 559.555(1).

15. The Florida legislature determined this licensing requirement to be of such import to the citizens of Florida that it made a violator of this provision subject to up to one year in jail. Fla. Stat., § 559.785.

16. Despite engaging in consumer debt collection activities in Florida, Defendant is not registered as a consumer collection agency.

17. As a result, Plaintiff also seeks relief for herself and on behalf of similarly situated Florida consumers with whom Defendant engaged in debt collection activity.

**Parties**

18. Plaintiff is a natural person who at all relevant times resided in Jacksonville, Florida.

19. Plaintiff is obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

20. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, a personal car loan (the "Debt").

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

22. Defendant is a professional limited liability company with its principal office in Dickson City, Pennsylvania.

23. Defendant is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

24. Defendant describes itself as "a multi-state creditor's rights law firm focused in the area of consumer collections."[3]

25. At the time Defendant attempted to collect the Debt from Plaintiff, the Debt was in default, or Defendant treated the Debt as if it were in default from the time that Defendant acquired it for collection.

26. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

27. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

28. Defendant identified itself as a debt collector in its written communication to Plaintiff.

## Jurisdiction and Venue

29. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

30. Venue is proper before this Court under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims occurred in this district, and

---

[3] *See* https://www.ag-lawllc.com/ (last visited June 21, 2021).

as Defendant caused debt collection correspondence to be sent to Plaintiff in this district.

## Factual Allegations

31. On or about March 9, 2021, Defendant caused a written communication to be sent to Plaintiff at her Jacksonville, Florida address, in connection with the collection of the Debt.

32. A true and correct copy of the March 9, 2021 communication to Plaintiff is attached, in redacted form, as Exhibit A.

33. Defendant attempted to collect a debt from Plaintiff in Florida even though Defendant is not registered with the state of Florida as a consumer collection agency.

34. The March 9, 2021 letter disclosed the "amount due" on the Debt. Ex. A.

35. The March 9, 2021 letter identified the creditor to whom Defendant alleged the Debt is and was owed. *Id*.

36. The March 9, 2021 letter identified the merchant that originated the subject obligation. *Id*.

37. The March 9, 2021 letter identified additional information regarding the Debt, including a client account number, Defendant's file number, as well as Plaintiff's home address. *Id*.

38. Defendant did not print the March 9, 2021 letter.

39. Rather, Defendant, in connection with the collection of a consumer debt, provided information regarding Plaintiff and the Debt, including Plaintiff's name, address, the amount of the Debt, and other private details regarding the Debt, to a third-party mail vendor.

40. The third-party mail vendor then printed the March 9, 2021 communication and sent it to Plaintiff.

41. The return address on the March 9, 2021 communication does not match Defendant's address.

42. The return address on the March 9, 2021 communication includes a P.O. Box in Oaks, Pennsylvania that is associated with RevSpring, Inc., a third-party mail vendor and software company.

43. RevSpring is owned by private equity firm GTCR LLC.

44. RevSpring maintains corporate offices in Oaks, Pennsylvania and offers comprehensive print and mail services, among other services.[4]

45. RevSpring touts that "North America's leading healthcare organizations, revenue cycle management, and accounts receivables management companies trust us to maximize their financial results through dynamic and

---

[4] https://revspringinc.com/about/ (last visited June 21, 2021).

personalized print, online, phone, email, and text communications and self-service payment options."[5]

46. Plaintiff did not provide consent to Defendant to communicate or share any information about the Debt with RevSpring.

47. Plaintiff did not provide consent to Defendant to communicate or share any information about the Debt with any third-party mail vendor.

48. A third-party mail vendor printed the March 9, 2021 communication sent to Plaintiff.

49. A third-party mail vendor mailed the March 9, 2021 communication to Plaintiff.

50. RevSpring printed the March 9, 2021 communication sent to Plaintiff.

51. RevSpring mailed the March 9, 2021 communication to Plaintiff.

52. Defendant transmitted information regarding the Debt to RevSpring.

53. Defendant provided Plaintiff's name to RevSpring.

54. Defendant provided Plaintiff's address to RevSpring.

55. Defendant provided the amount of the Debt to RevSpring.

56. Defendant provided the name of the creditor of the Debt to RevSpring.

57. Defendant provided the client account number it associates with the Debt to RevSpring.

---

[5] *Id.*

## Class Action Allegations

58. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of two classes consisting of:

> **Vendor Class**: All persons (a) with a Florida address, (b) to which Abrahamsen Gindin, LLC sent, or caused to be sent, a written debt collection communication, (c) in connection with the collection of a consumer debt, (d) that was printed or mailed by a third-party vendor, (e) where Defendant provided the vendor with information contained in the mailed communication in the one year preceding the date of this complaint through the date of class certification.
>
> **Florida Collection Class**: All persons (a) with a Florida address, (b) from whim Abrahamsen Gindin, LLC attempted to collect a consumer debt, (c) in the one year preceding the date of this complaint through the date of class certification.

59. Excluded from the classes is Defendant, its officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had controlling interests.

60. The classes satisfy Rule 23(a)(1) because, upon information and belief, they are so numerous that joinder of all members is impracticable.

61. The exact number of class members is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

62. The classes are ascertainable because they are defined by reference to objective criteria.

63. In addition, upon information and belief, the names and addresses of all members of the proposed classes can be identified through business records maintained by Defendant.

64. The classes satisfy Rules 23(a)(2) and (3) because Plaintiff's claims are typical of the claims of the members of the classes.

65. To be sure, Plaintiff's claims and those of the members of the Vendor Class originate from the same practice utilized by Defendant—the communication with and sending of personal, private information regarding alleged debts to a third-party mail vendor—and Plaintiff thus possesses the same interests and has suffered the same injuries as each member of the Vendor Class.

66. As well, Plaintiff's claims and those of the members of the Florida Collection Class originate from the same practice utilized by Defendant—its attempts to collect debts from persons in Florida despite not being registered with the state of Florida—and Plaintiff thus possesses the same interests and has suffered the same injuries as each member of the Florida Collection Class.

67. Plaintiff satisfies Rule 23(a)(4) because she will fairly and adequately protect the interests of the members of the classes and has retained counsel experienced and competent in class action litigation.

68. Plaintiff has no interests that are contrary to or in conflict with the members of the classes that she seeks to represent.

69. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since, upon information and belief, joinder of all members is impracticable.

70. Furthermore, as the damages suffered by individual members of the classes may be relatively small, the expense and burden of individual litigation could make it impracticable for the members of the classes to individually redress the wrongs done to them.

71. There will be no unusual difficulty in the management of this action as a class action.

72. Issues of law and fact common to the members of the classes predominate over any questions that may affect only individual members, in that Defendant has acted on grounds generally applicable to the classes.

73. Among the issues of law and fact common to the classes:

    a. Defendant's violations of the FDCPA as Plaintiff alleges;

    b. whether Defendant is a debt collector as defined by the FDCPA;

    c. whether Defendant's communications with third-party mail vendors regarding consumers' alleged debts violate the FDCPA;

    d. whether Defendant was registered as consumer collection agency with the State of Florida Office of Financial Regulation;

    e. the availability of declaratory relief;

    f.  the availability of actual damages and statutory penalties; and

    g.  the availability of attorneys' fees and costs.

74. Absent a class action, Defendant's violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692c(b), on behalf of Plaintiff and the Vendor Class

75. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 74 above.

76. Pertinent here, the FDCPA at 15 U.S.C. § 1692c(b) provides that "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

77. By communicating regarding the Debt, including by disclosing, among other things, the existence of the Debt, the amount owed, Plaintiff's home address, and the alleged creditor, with a third-party mail vendor, Defendant violated 15 U.S.C. § 1692c(b). *Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 994 F.3d 1341 (11th Cir. 2021).

78. The harm Plaintiff suffered is particularized in that Defendant's communications to a third party involved her alleged debt and private, personal information.

13

79. And the violation of Plaintiff's right not to have her private information shared with third parties is a concrete injury sufficient to confer standing.

80. To be sure, the harm Plaintiff alleges here—disclosure of private information of a personal, sensitive nature to a third-party vendor—is precisely the type of abusive debt collection practice that the FDCPA was designed to prevent.

81. Additionally, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by invading her privacy.

82. That is, by communicating with a third party in connection with the collection of the Debt, Defendant harmed Plaintiff by disclosing private facts about her and the Debt.

**Count II: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e, on behalf of Plaintiff and the Florida Collection Class**

83. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 74 above.

84. The FDCPA at 15 U.S.C. § 1692e provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

85. No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

86. Defendant attempted to collect the Debt from Plaintiff even though Defendant had not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it sent a collection letter to her.

87. Defendant is still not registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

88. Defendant's attempts to collect the Debt from Plaintiff at a time when Defendant was barred by Florida law from doing so constitutes a false, deceptive, and misleading representation or means in connection with the collection of the Debt.

89. The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed at her personally and regarded her personal alleged debt.

90. The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to obtain a license to do so, allowing the state of Florida greater oversight of such activity.

91. The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with

which the State of Florida deems violations of the FCCPA's registration requirement.

92. Moreover, section 1692e of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

93. And Defendant's action in attempting to collect the Debt from Plaintiff when Defendant was not registered with the State of Florida Office of Financial Regulation created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA by exposing Plaintiff to abusive practices by an unlicensed collection agency.

94. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm

**Count III: Violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f, on behalf of Plaintiff and the Florida Collection Class**

95. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 74.

96. The FDCPA at 15 U.S.C. § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

97. No entity may engage in business in Florida as a consumer collection agency, or continue to do business in Florida as a consumer collection agency, without first registering with the State of Florida Office of Financial Regulation, and thereafter maintaining a valid registration.

98. Defendant attempted to collect the Debt from Plaintiff even though Defendant had not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it sent a collection letter to her.

99. Defendant is still not registered as a consumer collection agency with the State of Florida Office of Financial Regulation.

100. Defendant's attempts to collect the Debt from Plaintiff at a time when Defendant was barred by Florida law from doing so constitutes an unfair or unconscionable means to collect or attempt to collect the Debt.

101. The harm suffered by Plaintiff is particularized in that the violative debt collection conduct was directed to her personally and regarded her personal alleged debt.

102. The FCCPA's registration requirement furthers the purpose of protecting debtors from abusive debt collection activity by requiring any person who engages in collection activity in Florida to obtain a license to do so, allowing the state of Florida greater oversight of such activity.

103. The Florida legislature's determination that a debt collector's failure to register under Fla. Stat. § 559.555 and subsequent pursuit of unauthorized debt collection activity is a misdemeanor criminal act demonstrates the seriousness with which the State of Florida deems violations of the FCCPA's registration requirement.

104. Moreover, section 1692f of the FDCPA was enacted to prevent and curb abusive debt collection conduct.

105. And Defendant's action in attempting to collect the Debt from Plaintiff when Defendant was not registered with the State of Florida Office of Financial Regulation created a material risk of harm to the concrete interest Congress was trying to protect in enacting the FDCPA by exposing Plaintiff to abusive practices by an unlicensed collection agency.

106. In addition, Defendant's actions invaded a specific private right created by Congress, and the invasion of that right creates the risk of real harm.

WHEREFORE, Plaintiff respectfully requests relief and judgment as follows:

A. Determining that this action is a proper class action under Rule 23 of the Federal Rules of Civil Procedure;

B. Adjudging and declaring that Defendant violated 15 U.S.C. § 1692c(b), 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f;

C. Awarding Plaintiff and members of the classes statutory damages pursuant to 15 U.S.C. § 1692k;

D. Awarding members of the classes actual damages incurred, as applicable, pursuant to 15 U.S.C. § 1692k;

E. Enjoining Defendant from future violations of 15 U.S.C. § 1692c(b) with respect to Plaintiff and the Vendor Class;

F. Enjoining Defendant from future violations of 15 U.S.C. § 1692e and 15 U.S.C. § 1692f with respect to Plaintiff and the Florida Collection Class;

G. Awarding Plaintiff and members of the classes their reasonable costs and attorneys' fees incurred in this action, including expert fees, pursuant to 15 U.S.C. § 1692k and Rule 23 of the Federal Rules of Civil Procedure;

H. Awarding Plaintiff and the members of the classes any pre-judgment and post-judgment interest as may be allowed under the law; and

I. Awarding other and further relief as the Court may deem just and proper.

## Jury Demand

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

Dated:  June 23, 2021 	Respectfully submitted,

<p style="margin-left: 40%;">
<u>/s/ Michael L. Greenwald</u><br>
Michael L. Greenwald<br>
Florida Bar No. 761761<br>
James L. Davidson<br>
Florida Bar No. 723371<br>
GREENWALD DAVIDSON RADBIL PLLC<br>
7601 N. Federal Hwy., Suite A-230<br>
Boca Raton, FL 33487<br>
Tel: (561) 826-5477<br>
mgreenwald@gdrlawfirm.com<br>
jdavidson@gdrlawfirm.com<br>
<br>
Alexander D. Kruzyk<br>
Florida Bar No. 112052<br>
GREENWALD DAVIDSON RADBIL PLLC<br>
401 Congress Avenue, Suite 1540<br>
Austin, TX  78701<br>
Tel: (512) 803-1578<br>
akruzyk@gdrlawfirm.com<br>
<br>
*Counsel for Plaintiff and the proposed classes*
</p>

20