**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

DELOISE GUYTON, on behalf of
herself and others similarly
situated,

    Plaintiff,

v.                                                                Case No. 3:21-cv-629-TJC-PDB

ABRAHAMSEN GINDIN, LLC,

    Defendant.

## O R D E R

    This Fair Debt Collection Practices Act (FDCPA) class action is before the Court on the parties' Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement. (Doc. 23). In the amended complaint, Plaintiff alleges that Defendant violated two provisions of the FDCPA because Defendant allegedly was "not registered as a consumer collection agency with the State of Florida Office of Financial Regulation at the time it sent [] collection letter[s] to [Plaintiff]" and putative class members. See (Doc. 22 ¶¶ 53, 64, 68, 79). Upon review of the parties' Motion, the Court finds additional briefing necessary on certain issues before deciding whether the class should be preliminarily approved.

First, the Court is concerned that the class definition includes putative class members who may not have standing. Before approving a class action settlement, the Court must assure itself that a named plaintiff has standing. Frank v. Gaos, 139 S. Ct. 1041, 1046 (2019) ("A court is powerless to approve a proposed class settlement if it lacks jurisdiction over the dispute, and federal courts lack jurisdiction if no named plaintiff has standing."). The Eleventh Circuit has also recently held that "when a class seeks certification for the sole purpose of a damages settlement under Rule 23(e), the class definition must be limited to those individuals who have Article III standing." Drazen v. Pinto, 41 F.4th 1354, 1361–62 (11th Cir. 2022) ("Any class definition that includes members who would never have standing under our precedent is a class definition that cannot stand."); see also TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2208 (2021) ("Every class member must have Article III standing in order to recover individual damages.").

The class definition in this case is as follows:

> All persons (a) with a Florida address, (b) from whom Abrahamsen Gindin, LLC attempted to collect a consumer debt, (c) between June 24, 2020 and November 30, 2021.

(Doc. 23 at 3). In 2022, the en banc panel of the Eleventh Circuit reiterated that a statutory violation alone is not enough for standing; plaintiffs must allege some concrete harm. Hunstein v. Preferred Collection & Mgmt. Servs., Inc., 48 F.4th 1236, 1242 (11th Cir. 2022). "The most obvious concrete harm is a physical

2

injury or financial loss. But a plaintiff can also have a real stake—and therefore a real injury—when an alleged harm is intangible."[1] Id. at 1243 (citation omitted). "[O]ne way to tell if a harm is real is to compare it to a harm redressed in a traditional common-law tort." Id. at 1239. In Hunstein, the plaintiff argued that "by sending the information about his debt to the mail vendor, [the defendant] committed an act similar to the tort of public disclosure." Id. at 1245. The Eleventh Circuit, using the analysis set forth in TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), held that that was not enough for standing. Hunstein, 48 F.4th at 1247–50. Plaintiff initially proceeded under a similar theory, but amended her complaint post-Hunstein. Now Plaintiff alleges that Defendant's allegedly violative actions led her to "expend[] time and effort" which "waste[d] her time" and caused "annoyance and frustration." (Doc. 22 ¶¶ 62–63, 77–78). Wasted time can be enough for standing. See Salcedo v. Hanna, 936 F.3d 1162, 1173 (11th Cir. 2019) ("[A]llegations of wasted time can state a concrete harm for standing purposes."). However, the class definition here does not limit the class to those that have needlessly expended time and effort.

---

[1] Any putative class members that paid on the debt as a result of Defendant's allegedly violative collection efforts have standing. The Court is concerned about the standing of those that did not pay on the debt. The proposed class definition encompasses both groups.

3

The parties also briefly argue that Plaintiff and putative class members "suffered an intangible injury sufficient to confer standing that bears a close resemblance to the harm flowing from common law abuse of process." (Doc. 23 at 6).[2] In their supplement, the parties should discuss standing and the class definition (including whether it must be narrowed), and whether Plaintiff and putative class members' injuries are sufficiently comparable under TransUnion to the historical common-law tort of abuse of process.

Second, the Court notes that the settlement includes a $1,000 award to Ms. Guyton, the named plaintiff. (Doc. 23-1 at 47). The Eleventh Circuit in Johnson v. NPAS Sols., LLC, 975 F.3d 1244, 1260 (11th Cir. 2020) held that precedent prohibits incentive awards that "compensate[] a class representative for [her] time and rewards [her] for bringing a lawsuit." The parties state that the award is statutorily permitted under 15 U.S.C. § 1692k(a)(2)(B),[3] but other

---

[2] The parties also advance one other argument that because the FDCPA provides substantive rights to consumers, a violation of these rights confers standing. (Doc. 23 at 6 (citing Gause v. Med. Bus. Consultants, Inc., 424 F. Supp. 3d 1175, 1198 (M.D. Fla. 2019)). In the supplement, the parties may also discuss whether this argument has merit in light of Hunstein and TransUnion.

[3] Section 1692k(a)(2)(A)–(B) directs:

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

> (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

4

courts have also questioned the validity of these awards post-Johnson. (Doc. 23 at 23 n.6); see Denning v. Mankin L. Grp., P.A., No. 8:21-CV-2822-MSS-MRM, 2022 WL 16956527, at *1 n.2 (M.D. Fla. Nov. 15, 2022) (discussing statutory damages under the FDCPA and the Florida Consumer Collection Practices Act and stating: "the Parties shall be prepared to discuss at the final fairness hearing the propriety of the $2,000 award to Plaintiff in light of the Eleventh Circuit's decision in [Johnson]"); Brockman v. Mankin L. Grp., P.A., No. 8:20-CV-893-T-35JSS, 2020 WL 6106890, at *1 n.1 (M.D. Fla. Oct. 14, 2020).[4] In

---

> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector . . . .

[4] See also Harvey v. Hammel & Kaplan Co., No. 3:19-CV-640-J-32JRK, 2020 WL 7138568, at *3 (M.D. Fla. Dec. 7, 2020) (Corrigan, J.):

> Class counsel has also argued that labeling the $1,500 amount a "service award" was a mischaracterization and that Plaintiff is entitled to $1,500 as damages under 15 U.S.C. § 1692k(a)(2)(B) and § 1692k(a)(3). Class counsel contends that "if this matter had gone to trial, Plaintiff Harvey would have sought a statutory damage award of $1,000 under the FDCPA and another $1,000 under the FCCPA, in addition to the recovery of her actual damages of $1,834.00." However, whether the statute applies is uncertain because this matter did not proceed to trial, and Defendant has disclaimed liability in the Settlement Agreement.

(internal citations and footnotes omitted).

their supplement, the parties should discuss whether the statutory award under 15 U.S.C. § 1692k(a)(2)(B) is permissible in light of <u>Johnson</u>.

The Court requires more information before it can preliminarily approve this class action settlement. Accordingly, it is hereby

**ORDERED:**

The parties shall file a supplement to the Renewed Unopposed Motion for Preliminary Approval of Class Action Settlement (Doc. 23) addressing the issues described in this Order no later than **February 21, 2023**.

**DONE AND ORDERED** in Jacksonville, Florida the 20th day of January, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

Counsel of record

6